UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21930-CIV-LENARD
CASE NO. 11-21931-CIV-LENARD
CASE NO. 11-21941-CIV-LENARD
CASE NO. 11-21943-CIV-LENARD
CASE NO. 11-21944-CIV-LENARD

**ASNALDO DEL VALLE
GONZALEZ AND CARMEN M.
YANEZ DE GONZALEZ**,

        Plaintiffs,

vs.

**AIRCRAFT GUARANTY
HOLDINGS & TRUST, LLC**,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER (D.E. 17)
AND TRANSFERRING CASES TO THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**THIS CAUSE** is before the Court on Defendant Aircraft Guaranty Holdings and Trust, LLC's Motion to Transfer Venue to the United States District Court for the Southern District of Texas (D.E. 17), filed on August 11, 2011. Plaintiffs Asnaldo Del Valle Gonzalez and Carmen M. Yanez De Gonzalez, as co-representatives for the Estate of Yessenia Coromotoa Gonzalez Yanez, filed their Notice of Non-Objection to Defendant's Motion to Transfer Venue (D.E. 28) on August 29, 2011.

This action stems from a plane crash that occurred on April 28, 2008 in Venezuela. Plaintiffs' decedent perished tragically in this crash, and Plaintiffs brought suit in the Circuit Court for the Eleventh Judicial District in and for Miami-Dade County, Florida,

on April 29, 2011.  Defendant then removed to this Court on May 27, 2011.  Defendant now moves for transfer of this action and all consolidated cases to the United States District Court for the Southern District of Texas.  Defendant, a Delaware Corporation with its principle place of business in Texas, contends that Texas is the most convenient forum for this litigation and this action could have been filed there originally.  (Mot. at 4.) The Motion to Transfer is unopposed.[1]

Title 28 of the United States Code section 1404(a) places within the discretion of the district court the power to "transfer any civil action to any other district or division where it might have been brought," "[f]or the convenience of parties . . . [or] in the interest of justice."  28 U.S.C. 1404(a); *see Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).  The transfer analysis is two-pronged: "First the alternative venue must be one in which the action could have originally have been brought by the plaintiff.  The second prong requires courts to balance private and public factors to determine if transfer is justified."  *Mason v. Smithkline-Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1359 (S.D. Fla. 2001).  Additional factors for the Court's consideration are the convenience of witnesses, location of relevant documents and ease of access to sources of proof, the convenience of the parties, the locus of operative facts, the availability of process to compel attendance of unwilling witnesses, the relative means of the parties, the forum's familiarity with governing law, the

---

[1] Defendant Lycoming Engines/AVCO Corporation, previously opposed to transfer, has been dismissed from this action by this Court's August 29, 2011 Order (D.E. 27).

deference to plaintiff's chosen forum, trial efficiency and the interests of justice. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

As a preliminary matter, the Court finds that this action could have been brought by Plaintiffs in the Southern District of Texas – the forum in which Defendant's principle place of business is located. *See* 28 U.S.C. § 1391(a)(3).

The remaining public and private interest factors also weigh in favor of transfer to the Southern District of Texas. Plaintiff's choice of forum – originally Florida – has been superseded by their acquiescence to Texas as the more appropriate forum. The parties agree that witnesses and documents, *i.e.*, sources of proof, are located in Texas at Defendant's headquarters or can easily be produced there. The parties also concur that the law to be applied is Texas law[2] or Venezuela law, therefore Texas is the forum with the greater familiarity with governing law and has the greater interest in this action. The locus of operative facts is arguably Venezuela, although Texas retains the slight edge over Florida on this factor in that Defendant entered into relevant contracts in Texas. The convenience of the parties, availability of process and means of parties bear little weight in favor or transfer, as the Venezuelan Plaintiffs instead will have to travel to Texas and contend with its courts rather than Florida's. Similarly, trial efficiency and the interests of justice are lightly impacted by a transfer to Texas.

Because (1) this action could have been brought originally in the Southern District

---

[2] Defendant plans to add the operator of the aircraft as an essential party. The operator's contract with Defendant stipulates to the application of Texas law.

of Texas, (2) the parties are in agreement that it is the more appropriate forum and (3) the balance of public and private factors weighs in its favor, the Court finds that transfer is proper.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. CASE NO. 11-21930-CIV-LENARD and its companion cases, CASE NO. 11-21931-CIV-LENARD, CASE NO. 11-21941-CIV-LENARD, CASE NO. 11-21943-CIV-LENARD and CASE NO. 11-21944-CIV-LENARD, are **TRANSFERRED** to the **SOUTHERN DISTRICT OF TEXAS** in their entirety.

2. All pending motions are **DENIED** as moot.

2. The aforementioned cases are now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of August, 2011.

                                                   */s/ Joan A. Lenard*
                                                   **JOAN A. LENARD**
                                                   **UNITED STATES DISTRICT JUDGE**